UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JANE DOE,                                                      Civil Action No.


                            Plaintiff,


        -against-                                              **COMPLAINT**

MATTHEW PERELLA D/B/A PERELLA EVENTS, and                      Plaintiff Demands a Trial
MATTHEW PERELLA, individually                                 By Jury


                            Defendants.
----------------------------------------------------------------------X

     Plaintiff, JANE DOE (hereinafter referred to as Plaintiff or "DOE"), by her attorneys, DEREK SMITH LAW GROUP, PLLC, as and for her Complaint in this action against the Defendants, MATTHEW PERELLA D/B/A PERELLA EVENTS, (hereinafter referred to as "PERELLA EVENTS") and MATTHEW PERELLA (hereinafter referred to as "PERELLA"), individually, (hereinafter collectively referred to as "Defendants"), respectfully alleges as follows:

**NATURE OF THE CLAIMS**

1. Plaintiff brings this action against Defendants, charging that Defendants violated Plaintiff's rights pursuant to, *inter alia,* Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), as amended, the New York State Human Rights Law; New York Executive Law, §290, *et seq.* ("the Executive Law"); the Administrative Code of the City of New York 8-107 *et seq.* ("NYCHRL"), the Administrative Code of the City of New York 8-903 *et seq.*, New York Labor Law, Article 6, §193 *et seq.*, tort law, promissory estoppel, quantum meruit, and unjust enrichment and any and all other causes of action which are alleged

1

and/or can be inferred from the facts set forth herein, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367.  Plaintiff is seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, sex/gender discrimination, sexual assault, sexual harassment, together with hostile work environment, retaliation, and wrongful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and pursuant to 28 U.S. Code § 1332, because Plaintiff is a citizen of the State of New York, Defendants are all citizens of the State of Massachusetts, and the amount in controversy exceeds $75,000.00.

3. This Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

4. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

5. On or about June 14, 2018, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

6. On or about July 30, 2018, Plaintiff received a Right to Sue letter from the EEOC.

7. Plaintiff has satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

8. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Eastern District of New York.

## PARTIES

9. Plaintiff DOE is an individual female residing in the State of New York, Kings County.

10. At all times material, Defendant MATTHEW PERELLA D/B/A PERELLA EVENTS ("PERELLA EVENTS") is a foreign business corporation duly existing by the virtue and laws of the State of Massachusetts that does business in the State of New York.

11. At all times material, Defendant MATTHEW PERELLA ("PERELLA") was and is the Founder, Owner, President, and Chief Executive Officer for PERELLA EVENTS.

12. At all times material, Defendant PERELLA had supervisory authority over Plaintiff with regards to her employment, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

13. At all times material, DOROTHY PERELLA was and is the bookkeeper responsible for payroll at Defendant PERELLA EVENTS.

## FACTUAL ALLEGATIONS

14. PERELLA EVENTS operates an event catering/planning company throughout New York state.

15. On or about October 24, 2016, Defendant PERELLA hired Plaintiff as a server for Defendant PERELLA EVENTS.

16. In or around November 2016, Defendant PERELLA EVENTS had Plaintiff work two (2) to three (3) events a month and some of these events would last more than twelve (12) hours a day.

17. Immediately after commencing her employment, Defendant PERELLA began to make sexual comments about Plaintiff's physical appearance. Defendant PERELLA's comments made Plaintiff extremely uncomfortable and anxious.

3

18. Defendant PERELLA discriminated against Plaintiff on the basis of her sex/gender and subjected Plaintiff to a hostile work environment.

19. On or about July 8, 2017, Defendant PERELLA EVENTS scheduled Plaintiff to work a two (2) day event in the Hamptons, Long Island ("HAMPTONS EVENT") in late July.  For that event, PERELLA EVENTS required Plaintiff sleep overnight at an Airbnb.[1]

20. On or about July 27, 2017, Defendant PERELLA suggestively offered Plaintiff to stay the night alone with him in the Hamptons before the other employees arrived for the HAMPTONS EVENT.  Plaintiff was confused and shocked at Defendant PERELLA's offer and declined.

21. On or about July 28, 2017, Plaintiff arrived at the Airbnb for the HAMPTONS EVENT where it quickly became apparent that there were not enough beds for Defendant PERELLA EVENTS's female employees.  Defendant PERELLA EVENTS did not give Plaintiff or the other female employees an option to stay elsewhere.  Furthermore, Plaintiff and another female employee were only given a full-sized air mattress.

22. Notably, Defendant PERELLA EVENTS designated rooms and beds for the male employees.

23. Defendants discriminated against Plaintiff on the basis of sex/gender and subjected Plaintiff to a hostile work environment.

24. On or about July 29, 2017, after the HAMPTONS EVENT, Plaintiff and several other employees, including Defendant PERELLA returned to the Airbnb.

25. That same night, a few of Defendant PERELLA EVENTS's employees including Plaintiff and Defendant PERELLA were socializing in the hot tub. Immediately after Plaintiff entered the hot tub, Defendant PERELLA made direct eye contact with her and would not look away.

---

[1] Airbnb operates as an online community marketplace that connects people who rent their homes to people looking for lodgings.

4

Plaintiff was extremely uncomfortable by Defendant PERELLA's obvious sexual interest so she closed her eyes to try to make Defendant PERELLA stop staring at her.

26. Instead, Defendant PERELLA suddenly began massaging Plaintiff's legs and moving his hands up Plaintiff's legs towards Plaintiff's vaginal area to insert his fingers into Plaintiff's vagina. Defendant proceeded to rub Plaintiff's vagina on the outside of her swimsuit with two of his fingers.

27. Plaintiff recoiled in shock and put her foot on Defendant PERELLA's elbow to put a stop to Defendant PERELLA's sexual assault. Plaintiff pushed Defendant PERELLA's arm back and shook her head in disagreement. When Defendant PERELLA finally pulled his arm away, Plaintiff immediately left the hot tub and cried in the shower.

28. Plaintiff was appalled, disgusted and emotionally distressed by Defendant PERELLA's unsolicited and unwelcome sexual conduct.

29. The next morning, Plaintiff reluctantly went to work the last day of the HAMPTONS EVENT because she wanted to avoid any contact with Defendant PERELLA.

30. Between July 30, 2017 and August 1, 2017, after recognizing Plaintiff's distress and hurt by Defendant PERELLA's actions, Defendant PERELLA called Plaintiff to apologize for "making things uncomfortable" in the hot tub and told Plaintiff that he "thought the world of" her and "didn't want bad vibes."

31. Nonetheless, on August 1, 2017, Defendant PERELLA continued to harass Plaintiff by texting Plaintiff to go to a pool party with him. Plaintiff declined.

32. Plaintiff continued to experience severe anxiety and began to develop depression as a result of the ongoing pattern and practice of sex/gender discrimination and sexual harassment perpetuated by PERELLA EVENTS.

5

33. Over the next couple of months, Plaintiff declined to work any events that she knew Defendant PERELLA was likely to attend.  As a result, Plaintiff was struggling financially as she had limited means of income, but could not bring herself to work with Defendant PERELLA out of fear.

34. On or about September 28, 2017, Defendant PERELLA offered Plaintiff to work an event on October 22, 2017 and told Plaintiff that she would be able to get a "great tip" for the event.

35. On or about October 1, 2017, Plaintiff was unable to pay her rent because Defendant PERELLA's sexual conduct and advances prevented her from working several events.

36. On or about October 14, 2017, Defendant PERELLA asked Plaintiff to work an event alone with him that same night.  When Plaintiff declined, Defendant PERELLA persisted and offered Plaintiff to take medication in order to work the event.  Plaintiff did not reply.

37. On or about October 19, 2017, Plaintiff went to work an event that Defendant PERELLA unexpectedly attended.  However, approximately thirty (30) minutes after arriving at the event location and meeting with the staff, Defendant PERELLA walked over to Plaintiff and hugged her tightly stating he was really happy to see her.  Plaintiff was disgusted and humiliated by Defendant PERELLA's unwelcomed sexual conduct and lack of respect for Plaintiff.

38. On or about October 21, 2017, Defendant PERELLA texted Plaintiff and another female employee of Defendant PERELLA EVENTS with instructions for an event the following day where both employees would be working a tailgate party at the Giants stadium.  Defendant PERELLA included in the instructions for them to make their hair "cute."

39. The following day, after Plaintiff and her co-worker finished working the event, a host and/or client for that event (hereinafter referred to as "M.S.") instructed Plaintiff and her coworker to make an extra stop at his apartment on Park Avenue to drop off the party rentals before

dropping off the company van. Plaintiff texted Defendant PERELLA for further instructions, as Defendant PERELLA did not include this directive when he initially notified Plaintiff of the event. PERELLA did not respond.  Plaintiff and her co-worker felt obligated to follow M.S.'s instructions.  M.S. and another host/client for the event tipped Plaintiff and her coworker for their additional work.

40. On or about October 24, 2017, Defendant PERELLA told Plaintiff and her coworker that M.S. wanted his tip back and that it would be coming out of their checks.  Plaintiff contested to Defendant PERELLA's unlawful acts.

41. Defendant PERELLA retaliated against Plaintiff by telling Plaintiff to "take the inch and not the mile."  Plaintiff responded by stating "I believe we should all be accountable for our mistakes and miscommunications," implicitly referring to PERELLA's unwelcomed sexual harassment and advances.  Defendant PERELLA did not respond.

42. The following day, Defendant PERELLA retaliated against Plaintiff by sending her a screenshot of his conversation with M.S. with the message "Why I said to let it go, if I spoke my opinion on every matter I didn't agree with I would be out of business."

43. Defendants retaliated against Plaintiff for Plaintiff engaging in protected activity by contesting Defendants' illegal deduction and addressing Defendant PERELLA's unwelcomed sexual harassment.

44. Plaintiff responded to Defendant PERELLA's text with "maybe we can talk further over the phone if there's an issue.  Don't want things to get misconstrued over texts."  However, Defendant PERELLA replied via text message that because Plaintiff pressed the issue she has now lost the $60 tip plus all future work from M.S. for "not understanding people make

mistakes and shouldn't always be held accountable even when you were generously taken care of without the $60 tip from M.S."

45. Defendants retaliated against Plaintiff for Plaintiff engaging in protected activity by contesting Defendant's illegal deduction and addressing Defendant PERELLA's unwelcomed sexual harassment.

46. Plaintiff realized that it was futile for her to continue the discussion as Defendants would continue retaliating against her.

47. On or about November 2, 2017, Defendant PERELLA texted Plaintiff "Hi Megan, I take it you have hard feelings about what happened from the event. I'm disturbed by this, your silence has me in question to keep you on the roster for future events. I was very shocked by your reaction to the mistaken tip situation, you said you wanted to talk about, I said sure, I've asked several times to clear the air, you've ignored me, if we don't clear the air by tomorrow at sometime I will be taking you off all future events. It's a shame its come to this, but I can't have bad vibes around in the work place."

48. However, a few hours later Plaintiff replied telling Defendant PERELLA that she would reach out to him the following afternoon.

49. On or about November 3, 2017, in retaliation for Plaintiff not only refusing to accept Defendant PERELLA's unwelcomed sexual advances but also for Plaintiff's opposition to PERELLA's unlawful conduct, Defendant PERELLA texted Plaintiff "tried calling you, your voicemail inbox is not set up it said, I'd love to part ways with an actual conversation, not text or email, I feel we owe it to each other, I've always absolutely adored you, I never want bad energy, and it's a shame $60 created it, I know this is going to eat you up inside, because I know you don't let things go easily, call me to please ease whatever you're feeling."

50. Defendants retaliated against and wrongfully terminated Plaintiff.

51. On November 3, 2017, Plaintiff was constructively discharged and submitted a resignation email to Defendants.

52. As a result of Defendants' discriminatory, retaliatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.  On or about November 15, 2017, Plaintiff began mental health treatment with a medical professional.

53. As a result of Defendant's discriminatory, retaliatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

54. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured unwarranted humiliation resulting in extreme emotional distress, severe depression, and extreme anxiety.

55. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to her professional reputation.

56. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails.  Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

57. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

58. The above are just some examples of the unlawful discrimination, hostile work environment, sexual assault, sexual harassment, and retaliation to which Defendants subjected Plaintiff.

59. Plaintiff claims alternatively (in the event Defendants' claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

60. Plaintiff claims a continuous practice of all claims and makes all claims herein under the continuing violations doctrine.

61. The above are just some of the examples of unlawful discrimination and retaliation to which Defendants subjected the Plaintiff.

62. Plaintiff hereby requests reinstatement to her position, in addition to lost wages, emotional distress, punitive damages, and attorney fees.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(AGAINST DEFENDANT PERELLA EVENTS ONLY)**

63. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

64. Title VII states in relevant part as follows:

(a) Employer practices: It shall be an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

65. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named NYU. Plaintiff complains of PERELLA EVENTS's

violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/gender.

66. Defendant PERELLA EVENTS engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to discrimination on the basis of her sex/gender, together with causing a hostile work environment based on the same.

67. PERELLA EVENTS engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

68. PERELLA EVENTS violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(AGAINST DEFENDANT PERELLA EVENTS ONLY)**

69. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

70. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

71. PERELLA EVENTS engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

72. PERELLA EVENTS violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

73. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

74. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

75. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex/gender, as well as creating a hostile work environment.

76. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296 including sex/gender.

77. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

78. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

79. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or

discriminate against any person because he has opposed any practices forbidden under this article."

80. Defendants engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

81. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

82. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING UNDER STATE LAW**
**(AGAINST ALL DEFENDANTS)**

83. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

84. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

85. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

86. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

87. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

88. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

89. The Administrative Code of the Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

90. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

91. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

92. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SEVENTH CAUSE OF ACTION**
**FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

93. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

94. The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

95. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

96. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

97. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN EIGHTH CAUSE OF ACTION FOR
### AIDING AND ABETTING UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

98. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

99. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

100. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

101. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

102. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A NINTH CAUSE OF ACTION
### FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

103. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

15

104. New York City Administrative Code Title 8-107(19) Interference with protected rights states, in relevant part: It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

105. Defendants violated the section cited herein as set forth and Plaintiff suffered numerous damages as a result.

### AS A TENTH CAUSE OF ACTION FOR EMPLOYER LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (AGAINST ALL DEFENDANTS)

106. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

107. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

> a.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> b.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
> > i.    The employee or agent exercised managerial or supervisory responsibility; or
> > ii.   The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

      iii.      The employer should have known of the employee's or agents discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

108. Defendants violated the section cited herein as set forth and Plaintiff suffered numerous damages as a result.

### AS AN ELEVENTH CAUSE OF ACTION
### FOR ASSAULT AND BATTERY
### (AGAINST DEFENDANT PERELLA)

109. Plaintiff repeats and realleges each and every allegation made in this complaint as if they were set forth herein fully at length.

110. The aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendant PERELLA who suddenly and without provocation, did physically assault and batter Plaintiff, herein causing Plaintiff to sustain damages; in that Defendant PERELLA did conduct himself in a wanton, willful, reckless and heedless manner without regard to the safety of the Plaintiff herein; in that said Defendant was physically abusive; in behaving in a disorderly manner; in using unnecessary, excessive and unlawful touching against the Plaintiff; in willfully and maliciously assaulting and battering the Plaintiff herein.

111. § 213-c of the Civil Practice Law and Rules provides as follows: Action by victim of conduct constituting certain sexual offenses: Notwithstanding any other limitation set forth in this article, a civil claim or cause of action to recover from a defendant as hereinafter defined, for physical, psychological or other injury or condition suffered by a person as a result of acts by such defendant of rape in the first degree as defined in section 130.35 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law, or

course of sexual conduct against a child in the first degree as defined in section 130.75 of the penal law may be brought within five years. As used in this section, the term "defendant" shall mean only a person who commits the acts described in this section or who, in a criminal proceeding, could be charged with criminal liability for the commission of such acts pursuant to section 20.00 of the penal law and shall not apply to any related civil claim or cause of action arising from such acts. Nothing in this section shall be construed to require that a criminal charge be brought or a criminal conviction be obtained as a condition of bringing a civil cause of action or receiving a civil judgment pursuant to this section or be construed to require that any of the rules governing a criminal proceeding be applicable to any such civil action. NY CLS CPLR § 213-c.

112. As a result of Defendant PERELLA's acts of assault and battery, Plaintiff has been damaged in an amount to be determined at the time of trial.

### AS A TWELFTH CAUSE OF ACTION
### FOR INTENTIONAL INFLICTION OR EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

113. Plaintiff repeats and realleges each and every allegation made in the complaint as if they were set forth herein fully at length.

114. Defendants' behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

115. Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

116. Defendants caused Plaintiff to fear for Plaintiff's own safety.

117. Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

118. As a result of Defendants' acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

## AS A THIRTEENTH CAUSE OF ACTION
## FOR VIOLATING THE GENDER MOTIVATED VIOLENCE PROTECTION ACT
## (AGAINST DEFENDANT PERELLA)

119. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

120. N.Y. ADC. LAW § 8-903 states in relevant part "For purposes of this chapter: a. 'Crime of violence' means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction. b. 'Crime of violence motivated by gender' means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.

121. N.Y. ADC. LAW § 8-904 : NY Code – § 8-904: Civil Cause of Action states in relevant part "Except as otherwise provided by law, any person claiming to be injured by an individual who commits a crime of violence motivated by gender as defined in § 8-903 of this chapter, shall have a cause of action against such individual in any court of competent jurisdiction for any or all of the following relief: 1. compensatory and punitive damages; 2. injunctive and declaratory relief; 3. attorneys' fees and costs; 4. such other relief as a court may deem appropriate."

122. N.Y. ADC. LAW § 8-905 Limitations states in relevant part: "a. A civil action under this chapter must be commenced within seven years after the alleged crime of violence motivated by gender as defined in § 8-903 of this chapter occurred. . . . c. Nothing in this section requires

a prior criminal complaint, prosecution or conviction to establish the elements of a cause of action under this chapter.

123. Defendant PERELLA'S conduct constitutes crimes of "violence motivated by gender" under The Victims of Gender-Motivated Violence Protection Act ("VGMVPA").

124. Defendant PERELLA'S violated the sections cited herein as set forth and Plaintiff suffered numerous damages as a result.

**AS A FOURTEENTH CAUSE OF ACTION**
**FOR IMPROPER DEDUCTIONS FROM WAGES IN VIOLATION OF**
**NEW YORK LABOR LAW § 193**
**(AGAINST PERELLA EVENTS ONLY)**

123. Plaintiff repeats and realleges each and every allegation made in the complaint as if they were set forth herein fully at length.

124. New York Labor Law, § 193(1) provides that "[n]o employer shall make any deduction from the wages of an employee, except deductions which:

(a): are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency. . . .
(b): [are for] i.) insurance premiums; ii.) pension or health and welfare benefits; iii.) contributions to a bona fide charitable organization; iv.) purchases made at events sponsored by a bona fide charitable organization. . . . v.) United States Bonds; vi.) dues or assessments to a labor organization; vii.) discounted parking. . . .; viii.) fitness center. . . .; ix.) cafeteria and vending machine purchase made at the employer's place of business. . . x.) pharmacy purchases made at the employer's place of business. . . .; xi.) tuition, room and board. . . .; xii.) day care . . . expenses; xiii.) payments for housing. . . .; xiv.) similar payments for the benefit of the employee.
(c): are related to a recovery of an overpayment of wages where such overpayment was due to a mathematical . . .  error by the employer. . . .
(d): repayment of advances of salary or wages. . . .

125. New York Labor Law, § 193(3)(a) provides that "[n]o employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of

this section or is permitted or required under any provision of a current collective bargaining agreement."

126. Defendants violated the section cited herein as set forth and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury as to all issues so triable.


Date:   New York, New York
           October 29, 2018

                                                  Respectfully Submitted,
                                                  **DEREK SMITH LAW GROUP, PLLC.**
                                                  Attorneys for Plaintiff


                                   BY:   ____s/Melissa Mendoza_____
                                                  Melissa Mendoza, Esq.
                                                  1 Pennsylvania Plaza, Ste 4905
                                                  New York, New York 10119
                                                  (212) 587-0760